UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEBIL KEDIR GEBI,

                    Petitioner,

     v.

PAMELA BONDI, et al.,

                    Respondents.

Case No. C26-0755-SKV

ORDER GRANTING IN PART PETITON FOR WRIT OF HABEAS CORPUS

## I.      INTRODUCTION

Petitioner Nebil Kedir Gebi, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. 1.  Petitioner, proceeding through counsel, asserts that there is no significant likelihood he will be removed to his native country in the reasonably foreseeable future and that his re-detention violated his procedural due process rights and was contrary to Respondents' regulations.  Petitioner seeks release from custody and injunctive relief related to any future re-detention or third-country removal.  Respondents filed a return to the petition, Dkt. 7, together with supporting declarations of ICE

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 1

Deportation Officer Karl Douglas, Dkt. 9, and Respondents' counsel Barbara Andrade, Dkt. 8, and Petitioner filed a reply to the return, Dkt. 10. This matter is now ripe for review.

The Court, having considered the parties' submissions and the governing law, GRANTS the petition in part and ORDERS that Petitioner be released from detention within twenty-four (24) hours, but DENIES without prejudice the injunctive relief requested.

## II.    BACKGROUND

Petitioner is a native and citizen of Ethiopia. *See* Dkt. 9, ¶4. He entered the United States on March 5, 2023, and was transferred into ICE custody pending expedited removal proceedings. *Id.*, ¶¶4-6. Petitioner expressed a fear of removal to Ethiopia and was referred to U.S. Citizenship and Immigration Services (USCIS) for a credible fear interview. *Id.*, ¶7. On March 22, 2023, USCIS issued a Notice to Appear (NTA) charging Petitioner as inadmissible under the Immigration and Nationality Act (INA) pursuant to 8 U.S.C. § 1182 (a)(7)(A)(i)(I) (immigrant "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality"), and § 1182 (a)(6)(A)(i) (immigrant present "without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General"). *Id.*, ¶8; Dkt. 8, Ex. B (NTA). In a final hearing held on September 28, 2023, an immigration judge denied all of Petitioner's applications for relief and ordered Petitioner removed to Ethiopia. Dkt. 9, ¶10; Dkt. 8, Ex. C. Both parties waived appeal and the removal order became final as of that same date. Dkt. 9, ¶10.

On April 5, 2024, Petitioner was released from ICE custody on an Order of Supervision (OSUP). *See id.*, ¶12. He applied for Temporary Protected Status (TPS) and, on or about July 10, 2024, USCIS granted his application. *Id.*, ¶13. Petitioner asserts that he complied with all

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 2

conditions of his release, including attending all scheduled check-in appointments, and maintained lawful status and employment authorization, and that, since January 2025, he has worked as a caregiver for disabled individuals. *See* Dkt. 1 at 4.

Respondents assert that ICE obtained an Ethiopian travel document – specifically a "laissez-passer" – for Petitioner on February 6, 2025. *See* Dkt. 7 at 2 & n.2 (citing https://ethiopianembassy.org/laissez-passer/ (last visited April 1, 2026); Dkt. 8, Ex. 8; Dkt. 9, ¶14. Respondents further assert that that travel document expired during the period of Petitioner's TPS, and that his grant of TPS subsequently expired on December 12, 2025. *See* Dkt. 9, ¶¶14-15.

On January 6, 2026, Petitioner was stopped by Montana Highway Patrol for driving above the speed limit. *Id.*, ¶16. From that stop, Petitioner was transported first to a Drug Enforcement Administration office, where he was interviewed by Customs and Border Protection officers, and then to a border patrol station for "further interview and processing." *Id.*, ¶¶16-17. Respondents assert that, after determining there was a significant likelihood of removal to Ethiopia, Petitioner's OSUP was revoked and he was taken into ICE custody and transported to NWIPC. *Id.*, ¶18; Dkt. 8, Ex. D (Form I-213). Respondents assert that they are "currently determining" whether they must obtain a new travel document for Petitioner or if he can be removed under the expired travel document previously obtained. Dkt. 9, ¶19; *see also* Dkt. 7 at 7-8. They assert that there is a significant likelihood Petitioner will be removed to Ethiopia in the reasonably foreseeable future and that there are "currently no plans" to remove him to a third country. Dkt. 9, ¶20. Respondents do not provide either the OSUP or a Notice of Revocation of Release, and indicate they did not receive Petitioner's complete A-File prior to submitting their return. *See* Dkt. 7 at 5, n.4.

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 3

Petitioner asserts he was re-detained without any determination that he had become a flight risk or a danger to the community. *See* Dkt. 1 at 4, 21-22. Petitioner also asserts that he was told, in February 2026, that there is "currently no plan in place" to effectuate his removal to Ethiopia. *See id*. at 6.

## III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## IV.   DISCUSSION

Petitioner here argues: (1) his continued detention violates the Due Process Clause of the Fifth Amendment because there is no significant likelihood he will be removed in the reasonably foreseeable future; (2) his re-detention violated his right to procedural due process; (3) his re-detention was contrary to Respondents' regulations; (4) any attempt to carry out his removal to a third country requires notice and an opportunity to respond; and (5) Respondents' third-country removal program is unconstitutional under the Fifth and Eighth Amendments. *See* Dkt. 1 at 21-

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 4

26. Petitioner seeks immediate release from detention. *See id*. at 26. He also seeks injunctive relief barring his re-detention without due process and other steps providing for his removal in the reasonably foreseeable future, barring his removal to a third country without due process, and barring his removal to any country where he is likely to face imprisonment or punishment upon arrival. *See id*. at 26-27.

Respondents argue Petitioner's continued detention is lawful pending his removal, that his third country removal arguments are not justiciable and otherwise lack merit, and that Petitioner is not entitled to any permanent injunctive relief. *See* Dkt. 7 at 7-15. Respondents do not address Petitioner's claims that his re-detention violated his right to due process and was contrary to Respondents' regulations.

A.    Indefinite Detention

The INA expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings. *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a). Section 1231(a) governs the detention and release of noncitizens such as Petitioner who have been ordered removed, and it provides that the Department of Homeland Security (DHS) is required to detain a noncitizen during the 90-day "removal period." 8 U.S.C. § 1231(a)(2). After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. *See* 8 U.S.C. § 1231(a)(6). Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely. *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 5

United States.  *See id.* at 701.  The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States.  *Id.*  "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing."  *Id.*  If the government is unable to meet its burden, then the noncitizen must be released from detention.  *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

The parties here agree that Petitioner is subject to a final order of removal issued on September 28, 2023, that the presumptively reasonable six-month period of detention expired on March 28, 2024, shortly prior to his release on April 5, 2024, that he was re-detained on January 6, 2026, and that he has remained in detention since that time.  In total, Petitioner has now been detained for almost nine months pursuant to a final order of removal, and therefore almost three months beyond the presumptively reasonable period recognized in *Zadvydas*.

The Court finds that Petitioner satisfies his initial burden under *Zadvydas*.  He shows that Respondents did not obtain a travel document to Ethiopia during the more than six months that followed his final order of removal, and that there is no indication – despite his re-detention for an additional three months and a previously obtained, now expired laissez-passer – that Respondents have or will soon have a travel document that will allow for his removal.  He was told in early February 2026 that there is currently no plan in place to effectuate his removal to

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 6

Ethiopia. Dkt. 1 at 3-4, at 6.[1] Through that showing, Petitioner provides good reason to believe there is no significant likelihood of his removal to Ethiopia in the reasonably foreseeable future.

Respondents, in turn, assert that the laissez-passer they previously obtained for Petitioner strongly suggests his removal to Ethiopia is practically feasible, and that they are currently determining whether they can use that expired laissez-passer or need to obtain a new travel document. *See* Dkt. 7 at 8; Dkt. 9, ¶19. They state that "Ethiopia is accepting individuals for removal from the United States," and that they believe there is a significant likelihood of Petitioner's removal to Ethiopia in the reasonably foreseeable future. Dkt. 9, ¶20.

However, as Petitioner observes, Respondents do not provide any evidence that he can or will be removed in the reasonably foreseeable future. Respondents point to an expired travel document and offer a broad generalization as to Ethiopia's ongoing acceptance of individuals for removal. They do not explain why they believe an expired travel document could be utilized or identify any specific steps taken to make that determination. They also, in asserting that the process of making that determination is currently ongoing, implicitly concede that they have not yet requested a new travel document. Respondents therefore do not meet their burden to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably

---

[1] Petitioner offers additional reasoning in his reply. First, he asserts he cannot be lawfully deported because his TPS has been extended pursuant to an order from the U.S. District Court of Massachusetts dated January 30, 2026, and staying the termination of TPS status for Ethiopians. *See* Dkt. 10 at 3 & n.1 (citing *Update on Termination of Temporary Protected Status for Ethiopia*, USCIS, March 12, 2026, https://www.uscis.gov/save/current-user-agencies/news-alerts/update-on-termination-of-temporary-protected-status-for-ethiopia) (citing an order issued in *African Communities Together et al. v. Noem et al.*, No. C26-10278 (D. Mass.))) (last visited April 1, 2026). Second, he asserts that "Ethiopia is on the verge of returning to civil war, rendering deportations there likely impossible." *Id*. at 4 & n.1 (citing *Is Ethiopia heading back to war in Tigray?*, BBC, Feb. 26, 2026, https://www.bbc.com/news/articles/cwygrnjz9wro) (last visited April 1, 2026). However, because it was first offered in Petitioner's reply brief, the Court declines to include this reasoning in its finding. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . in a statement of additional grounds.").

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 7

foreseeable future. *See, e.g., Bhandari v. Bondi*, C25-2747-KKE, 2026 WL 369403, at *4 (W.D. Wash. Feb. 10, 2026) (finding the fact "that ICE obtained a travel document, allowed it to expire, and has not since obtained a new travel document further supports that 'future lengthy detention is likely.'"); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur.") (citations omitted). Petitioner is, as such, entitled to release from detention.

B.      Other Arguments and Requests for Injunctive Relief

Petitioner asserts that Respondents violated his right to due process and failed to comply with their own regulations in re-detaining him, and seeks injunctive relief barring his re-detention without due process and providing that the government may not otherwise re-detain him without: (1) obtaining a valid travel document to Ethiopia; (2) providing that document to him and his counsel; (3) offering him the opportunity to leave on his own within two months; and, (4) if he does not leave, permitting the government to re-detain him provided they have already made concrete arrangements for him to be put on a flight to Ethiopia in the reasonably foreseeable future. Dkt. 1 at 21-27. He also seeks injunctive relief barring his removal to a third county without due process or his removal to any country where he is likely to face imprisonment or punishment. *Id*. at 27.

Petitioner provides cursory arguments relating to his re-detention. *See* Dkt. 1 at 21-23; Dkt. 10 at 4. Respondents acknowledge that Petitioner challenges his re-detention as violative of his right to procedural due process, *see* Dkt. 7 at 1, but provide argument only in relation to his indefinite detention claim and requests for injunctive relief, *see id*. at 2-15, and provide only portions of Petitioner's immigration file. The Court finds insufficient argument and evidence to

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 8

allow for its consideration of Petitioner's claims relating to his re-detention and, by extension, injunctive relief related to any future re-detention. The Court also observes that, to the extent Petitioner seeks release in relation to his re-detention claims, that relief is duplicative of that to which he is entitled under *Zadvydas*.

As related to the request for injunctive relief barring third country removal, Petitioner asserts that the government's policy regarding third country removals makes it reasonably likely Respondents would seek to remove him to a third country without complying with their regulatory and constitutional obligations, with punitive intent and result. Dkt. 1 at 24-26. Respondents assert their intention to remove Petitioner to Ethiopia and the absence of any current plan to remove him to a third country. *See* Dkt. 9 ,¶20. They argue his assertions as to potential third country removal are purely conjectural and therefore cannot establish the irreparable harm required to justify permanent injunctive relief. *See* Dkt. 7 at 11-12.

Beyond references to general governmental policies, Petitioner does not identify any evidence to support his contention that it is reasonably likely Respondents will seek to remove him to a third country without due process or as a part of a punitive policy or practice. The Court, under these circumstances, finds Petitioner's request for injunctive relief relating to third country removal premature and properly denied without prejudice. *See, e.g., Ali v. Bondi,* C26-73-MLP, 2026 WL 657471, at *3 (W.D. Wash. Mar. 9, 2026); *Tran v. Bondi*, C25-01897-JLR, 2025 WL 3140462, at *4 (W.D. Wash. Nov. 10, 2025).

### IV.   CONCLUSION

Based on the foregoing, this Court ORDERS as follows:

(1)   Petitioner's petition for writ of habeas corpus, Dkt. 1, is GRANTED in part;

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 9

(2)	Respondents shall RELEASE Petitioner within **twenty-four (24) hours** of this Order, and shall file a notice with the Court within **forty-eight (48) hours** confirming Petitioner has been released from immigration detention; and,

(3)	Petitioner's requests for injunctive relief are DENIED without prejudice.

Dated this 6th day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITON FOR
WRIT OF HABEAS CORPUS - 10